IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELANIA MILLER,

Plaintiff,

v.

SIEGNER AND COMPANY,
an Oregon corporation,

Defendant.

No. CV 07-754-MO

OPINION re: Bill of Costs

**MOSMAN, J.**,

On July 3, 2008, I signed a judgment in favor of Siegner and Company against Melania Miller. Siegner now requests costs in the amount of $3,497.85 (#70). Ms. Miller filed a Motion to Stop Collection of Costs pending appeal, but did not object to the bill of costs submitted by Siegner (#64). For the reasons set forth below, I GRANT Siegner's request for costs in the amount of $3,497.85 (#70), and DENY Ms. Miller's Motion to Stop Collection of Costs (#64).

### DISCUSSION

District Courts have discretion to award costs. Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." This rule "creates a presumption for awarding costs to prevailing parties." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The court "need not give affirmative reasons for awarding costs." *Id.* at 945. The costs typically awarded to a prevailing party are set forth in 28 U.S.C. §1920.

PAGE 1 - OPINION AND ORDER

Here, the Bill of Costs submitted by Siegner is reasonable and within the type of costs normally awarded to the prevailing party.  Additionally, Ms. Miller has not objected to the amount or nature of the costs.  Regarding the Motion to Stop the Collection of Costs, Ms. Miller has not cited any authority supporting her request to prevent the collection of costs pending appeal.

## CONCLUSION

For the reasons set forth above, Siegner is entitled to costs in the amount of $3,497.85.  Therefore, I GRANT Sienger's request for costs (#70).  Further, I DENY Ms. Miller's Motion to Stop the Collection of Costs (#64).

IT IS SO ORDERED.

DATED this  10th   day of September, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court